# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF TENNESSEE
# NASHVILLE DIVISION

| | |
|---|---|
| TIMOTHY JOHNSON, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | Case No. 3:17-cv-01278 |
| ) | Judge Trauger |
| RUSTY WASHBURN, ) | |
| ) | |
| Respondent. ) | |

## MEMORANDUM AND ORDER

Pending in this dismissed habeas corpus action is a *pro se* motion by the petitioner, inmate Timothy Johnson, to alter and/or amend the judgment of dismissal under Federal Rule of Civil Procedure 59(e). (Doc. No. 19.) The respondent has filed a response to the motion. (Doc. No. 20.) For the reasons that follow, the motion to alter or amend is **DENIED**.

The court may grant a timely filed motion to alter or amend judgment under Rule 59(e) only if the movant shows that there is a clear error of law, newly discovered evidence, an intervening change in controlling law, or a need to prevent manifest injustice. *Henderson v. Walled Lake Consol. Schs.*, 469 F.3d 479, 496 (6th Cir. 2006) (quoting *Intera Corp. v. Henderson*, 428 F.3d 605, 620 (6th Cir. 2005)). The movant may not use Rule 59(e) to re-argue the case, or present evidence that should have been before the court at the time judgment entered. *See Roger Miller Music, Inc. v. Sony/ATV Publ'g, LLC*, 477 F.3d 383, 395 (6th Cir. 2007) (collecting cases).

The court dismissed this action after finding no merit in the petitioner's claim that his conviction for selling cocaine in a drug-free school zone was tainted by the ineffective assistance of trial counsel. In so doing, the court considered the following three grounds for this claim, contained in the original and amended petitions (Doc. No. 1, 12):

(1) Trial counsel was constitutionally ineffective for failing to file a motion to dismiss the indictment, which (a) was defective under *Blockburger v. United States*, 284 U.S. 299 (1932), because it charged the petitioner with a single offense that violated two state statutes which have different elements and/or prescribe different punishments, and (b) failed to give adequate notice of the charges against the petitioner under *Hamling v. United States*, 418 U.S. 87 (1974);

(2) Trial counsel was ineffective for failing to ensure that the petitioner understood Tenn. Code Ann. § 39-17-432 (which enhanced his sentence based on proximity of the drug sale to a school), and for failing to object to that statute being introduced to the jury, including by improper jury instruction; and

(3) Trial counsel was ineffective for failing to challenge the use in case number 2014-B-1187 of the evidence (cocaine) which had earlier been introduced as evidence in case number 2012-B-1770.[1]

(Memorandum Opinion, Doc. No. 16 at 7–8.)

The petitioner now argues that he is entitled to relief from the judgment of dismissal for the following reasons, which track the claims of his petition:

(1) the court erred in finding that the indictment was not defective—and therefore that counsel was not ineffective in failing to challenge it—because the Tennessee Supreme Court declared in *State v. Carter*, 121 S. W. 3d 579 (Tenn. 2003), that "if the statute is not charged by way of Indictment, then the statut[ory] . . . punishment can't be inflicted," and because he was otherwise deprived of procedural due process by the indictment's failure to explicitly reference Tenn. Code Ann. § 39-17-432 (Doc. No. 19 at 2);

(2) the court's decision related to counsel's alleged failure to ensure that the petitioner understood the sentence enhancement he faced under § 39-17-432 should be revisited because he

---

[1] The petitioner was originally charged with tampering with evidence, resisting arrest, and the sale of cocaine in a drug-free school zone, in case number 2012-B-1770. After the petitioner pled guilty to resisting arrest, the jury convicted him of tampering with evidence but was unable to reach a verdict on the drug charge, resulting in a mistrial on that count. The petitioner was subsequently re-tried on the drug charge, and convicted, in case number 2014-B-1187. (Doc. No. 16 at 1–2.)

2

now asserts that he would have accepted a plea offer if counsel had properly advised him (Doc. No. 19 at 3); and

(3) the court's decision related to counsel's failure to challenge the State's introduction of the same physical evidence at the petitioner's re-trial on the charge of selling cocaine as it had used to earlier secure his conviction for tampering with evidence should be revisited because "the Fifth and Fourteenth Amendment to the United States Constitution prohibit the use of the same evidence." (Doc. No. 19 at 4.)

None of these grounds supports amendment of the judgment under Rule 59(e). The petitioner's first argument above, based on a 2003 decision of the Tennessee Supreme Court, does not demonstrate a clear error of law. Neither the decision in *Carter* nor the requirements of procedural due process support the petitioner's position that his indictment was invalid, and should therefore have been challenged by counsel, because it did not explicitly refer to Tenn. Code Ann. § 39-17-432. *Carter* held that an indictment provided sufficient notice of the offense charged when it included "specific reference to the statute allegedly violated," but it did not *require* such a reference in order to confer sufficient notice. 121 S. W. 3d at 587–88. As this court noted in its memorandum (Doc. No. 16 at 12), Tennessee courts have specifically upheld the sufficiency of an indictment that incorporates the language of § 39-17-432 without citing to the statute. *State v. Braxton*, No. M2010-01998-CCA-R3-CD, 2011 WL 5573357, at *4 (Tenn. Crim. App. Nov. 15, 2011), *perm. app. denied* (Tenn. Apr. 12, 2012); *Cobb v. State*, No. W2004–00156–CCA–R3–HC, 2005 WL 396379, at *2 (Tenn. Crim. App. Feb. 14, 2005), *perm. app. denied* (Tenn. Aug. 22, 2005).

The petitioner's second and third arguments are likewise unavailing. The court denied his claim that counsel was ineffective in failing to ensure that he understood the application of § 39-

3

17-432 to his case because, even if the petitioner still failed to understand the potential for his sentence to be enhanced under that statute after his first trial, he did not allege that counsel's ineffectiveness resulted in any prejudice, i.e., "that he rejected a plea offer based on this misunderstanding[.]" (Doc. No. 16 at 13–14.) In his Rule 59(e) motion, the petitioner asserts for the first time that if he were given competent advice by counsel, he would have accepted the plea offer of a 12-year sentence. (Doc. No. 19 at 3.) But the petitioner failed to make this argument prior to judgment, or even to allege that he had been offered a plea deal. "[P]arties cannot use a motion [under Rule 59(e)] to raise new legal arguments that could have been raised before a judgment was issued"; rather, such a motion "must either clearly establish a manifest error of law or must present newly discovered evidence." *Roger Miller Music*, 477 F.3d at 395 (citations omitted). Thus, the petitioner's new argument that he was prejudiced by counsel's failure to ensure his understanding of potential sentence enhancement is not properly presented under Rule 59(e).

The third argument of the petitioner's motion fails for the same reason. While the petitioner now cites the Fifth and Fourteenth Amendments as grounds for his claim that counsel should have objected to the introduction of evidence at his second trial, this argument could have been raised before judgment was entered against him. Moreover, the Constitution plainly does not prohibit the use of a lawfully obtained item of evidence to pursue a criminal defendant's conviction on multiple charges or in multiple trials.

Finally, the petitioner's extraneous references to the indictment's failure to "identify the name of the school . . . that [he] was within . . . 1000 ft of"; the prejudice he suffered as a result of the respondent's failure to file the voir dire transcript in this court; counsel's ineffectiveness during voir dire; and prejudice from the mention of § 39-17-432 in front of the jury prior to its determination of his guilt of the offense charged under § 39-17-417 (Doc. No. 19 at 3–4) are all

attempts to re-argue the case or present arguments that should have been before the court at the time judgment entered. The petitioner has not shown any clear error of law or need for relief in order to prevent manifest injustice. Accordingly, relief under Rule 59(e) is not warranted. *See Roger Miller Music*, 477 F.3d at 395; *Henderson*, 469 F.3d at 496.

In light of the foregoing, the motion to alter or amend (Doc. No. 19) is **DENIED**.

It is so **ORDERED**.

_____
Aleta A. Trauger
United States District Judge